Rejoinder : protesting that the personal estate of the said John Ford in the said replication mentioned, amounted to no more than 315/. current money, and that the several debts due from and owing by the said John, and • the charge of his funeral amounted to 50/. current money, which debts and funeral charges were paid by the said Diana, administratrix aforesaid, and protesting that one third part of the residue of the said personal estate, after the payment of the debts and funeral charges, of right did belong and appertain to the said Diana, in the said replication also mentioned as the relict and widow of the said John, and that the residue of the personal estate aforesaid, amounted to 176/. 13s. 4d. current money and no more : and likewise protesting that the said Parker took good and able security of the said Diana, for the due administration of the said estate of the said John ; and likewise protesting that the action aforesaid is brought by the means, instigation and procurement of a certain Bagby, who intermarried with Mary, the daughter and only representative of the said John Ford, in the' aforesaid replication mentioned : for rejoinder saith that the said William Parker, according to the duty of his office, the 17th of July 1707, took the bond or writing obligatory of the said Diana, together with a certain I. R. and N. S. her sureties in the penalty of 400/. sterling, with a condition thereunto annex *44 ed for the due administration of the goods, &c. of the said J- F. &c. which said Diana I. R. and N. S. at the time Qf the execution of that writing were seised in their demesne of several lands and tenements, and possessed of divers goods and chattels of the value of 380/. sterling and more at the County aforesaid. And the said Dorothy saith that after the making of the writing aforesaid, a certain John Bag-by, of Calvert County, planter, intermarried with a certain Mary Ford, the daughter and only legal representative of the said J. F. to wit, on the 10th of November, 1714, at the County aforesaid ; and the same John Bagby, after, &c. (the rejoinder then sets forth that John Bagby did release and discharge N. S', one of the sureties from all manner of actions &c. as security for the due administration of the estate of the said J. F. so that it might not hinder him from the discovery of his said father’s negroes from other person or persons, &c.) all which the said Dorothy is ready to verify, &c.
Causes of demurrer assigned. The rejoinder does not answer the replication, hut is a departure. It is an entire rejoinder, yet contains two distinct matters and requires separate issues, viz. whether the said Diana, I. R. and N. S. were able and sufficient security. And also whether such release was made in the manner stated, which are distinct matters and require separate issues, and both go to the whole action,
‘The Court gave judgment that the rejoinder was insufficient, and that the plaintiff recover her debt and costs. Appeal to the Court of Appeals.
The Judgment of the Provincial Court, after full argument by D. Dulany for the plaintiff, and T. Bordley for the defendant, was reversed in the Court of Appeals, at July term, 1724, and an appeal was prayed and granted to the King in council.