## COURT OF APPEALS, (E. S.) JUNE TERM, 1820.

### COURSEY *vs.* COVINGTON.

APPEAL from *Queen-Anne's* county court. *Assumpsit* by the appellee against the appellant. The declaration contained four counts:—The *first* for $250 for services rendered as an overseer on the farm of the defendant, (now appellant,) in the year 1817. The *second* for the like sum for work and labour as an overseer, &c. in the same year. The *third* on a *quantum meruit* for services rendered as an overseer, &c. and the *fourth* on an *insimul computassent.* The general issue was pleaded.

At the trial the plaintiff proved that he resided with the defendant in the years 1816 and 1817, and produced and read in evidence the following articles of agreement entered into between himself and the defendant, on the 30th of December 1815, viz. "Articles of agreement made, concluded and entered into, this 30th day of December 1815, between *Edward Coursey* of," &c. "and *Elijah Covington* of," &c. "witnesseth, that the said *Edward* for himself,

*Where there is a special contract not under seal, for labour or services, and it has been fully executed, in-* *debitatus assump-* *sit lies for the sum stipulated by the contract*

*If a contract with an overseer be to give him a certain stipulated sum, and to furnish him with certain quantities of produce, the value of the produce, or damages for its non-delivery, cannot be recovered in an action of ge-* *neral indebitatus* *assumpsit, but the whole may be recovered in a spe-* *cial action on the case*

*When the entire contract is to deliver certain quantities of pro-* *duce, an action of general indebitatus* *assumpsit cannot*

be sustained to recover the value of such produce, or damages, for its non-delivery. Where the defendant agrees with the plaintiff to pay him, as overseer, a certain sum, and a certain amount of produce, and the plaintiff declares only for the money, he is not entitled to recover the value of the produce. A plaintiff may recover less than he demands, but not more.

his," &c. "doth covenant and agree to and with the said Elijah, his," &c. "by these presents, that he the said Edward, for and in consideration of the conditions herein after mentioned to be performed by the said Elijah, will permit the said Elijah to be his overseer for and during the year 1816, and will permit him to live in, occupy, possess and enjoy, the house where J. Howard now dwells, with the appurtenances which the said Howard enjoys; that he will furnish the said Elijah with two cows to milk, and will permit the horse of the said Elijah to be pastured in common with his work horses; and will furnish the said Elijah with reasonable food for said horse; that he will furnish and provide for the said Elijah seven hundred pounds of pork, and fifteen barrels of corn, and twelve bushels of good clean wheat; and that the said Edward will pay to the said Elijah his," &c. "two hundred and fifty dollars, current money, at the time the same may become due and payable to the said Elijah. And the said Elijah, in consideration of the covenants herein before mentioned to be performed by the said Edward, for himself, his," &c. "doth covenant and agree with the said Edward, his," &c. "that he the said Elijah will live with the said Edward in the house where J. Howard now dwells, in the character and occupation of an overseer, for and during the year 1816; and that he will well and faithfully use and exercise all his skill," &c, "on the farm, with the hands and teams of the said Edward, to make such crop as the said Edward shall direct; and in all things pursue the directions of the said Edward," &c. &c. Signed and sealed by both of the parties. The defendant then produced and read in evidence articles of agreement between him and the plaintiff, bearing the same date, and being similar to the articles of agreement offered in evidence by the plaintiff, except that between the words "fifteen barrels of corn," and the words "and twelve bushels of good clean wheat," the words "for his family" were inserted. The execution of both agreements were admitted. The defendant then proved by two witnesses, that the plaintiff kept the keys of the defendant's granary and corn-house during the year 1817, and that they resided on the farm during that year, and that the plaintiff was not restricted from taking the amount of corn and wheat to their knowledge; and then prayed the court to direct the jury, that if they

should believe that the contract between the plaintiff and defendant in 1817, was according to the articles last mentioned, and that the plaintiff was not restricted from taking the quantity of fifteen barrels of corn, and twelve bushels of wheat, that neither of these articles can form any consideration upon which he can recover in this action. But the court, [*Earle*, Ch. J. and *Purnell*, A. J.] refused to give the instruction as prayed for, being of opinion that the value of the articles, as such, cannot be recovered in this action, but that the jury, in estimating the damages on the *quantum meruit*, might consider the value of the plaintiff's services with, or without being provided with these articles by the defendant; and that the sound construction of the articles of contract last above mentioned, if it is believed by the jury that the contract between the parties in 1817 was according to the said articles, is that the defendant should provide fifteen barrels of corn, and twelve bushels of wheat, for the plaintiff, whether that quantity of grain was consumed in the plaintiff's family or not. The defendant excepted; and the verdict being for $290, and judgment thereon rendered for the plaintiff, the defendant appealed to this court.

JUNE 1820.

Coursey
vs.
Covington

The cause was argued in this court before BUCHANAN, JOHNSON, MARTIN and DORSEY, J. by

*Carmichael*, for the appellant, and by

*Harrison*, for the appellee.

BUCHANAN, J. delivered the opinion of the court.

There is no principle better established than that, where there is a special contract not under seal, for labour or service, *indebitatus assumpsit* will lie for the stipulated price, if the contract has been fully executed; and so far as respects the two hundred and fifty dollars, the sum contracted to be paid by the appellant to the appellee, for his services as an overseer, that principle applies to this case, but no further. It is very clear, that if the terms of the contract between the parties for the year 1817, were the same as those for the year 1816, the appellee was entitled to the corn and wheat stipulated to be furnished by the appellant, whether he used any of it in his family or not; he was not bound to consume it in his family, and what he should choose to do with it was a matter in which the ap-

June 1820

Coursey
vs.
Covington

pellant had no concern, but neither the value of the articles, nor damages for the non-delivery, can be recovered in general *indebitatus assumpsit*. . If they were not furnished, his remedy is by a special action on the case, in which he would be entitled to recover both the money and damages for the non-delivery of the wheat and corn; and they could in no shape have properly formed a subject of consideration for the jury in estimating the damages inthis cause.    If in place of a money consideration the contract had been for the delivery of a stipulated quantity of wheat, or any other article, to the appellee, as a compensation for his services as an overseer, it is certain, that for a breach of the contract in the non-delivery of the wheat, &c. he could not maintain an action of general *indebitatus assumpsit*; and the reasons governing such a case apply with equal force to so much of the contract relied on in this case, as respects the furnishing of corn and wheat. Besides, the appellee, in his declaration, only *goes* for the two hundred and fifty dollars, the amount stipulated to be paid, and nothing else, and on no principle can he be entitled to recover more, which he would do, if the jury were permitted, in estimating damages, to take into consideration in any shape the non-delivery of the corn and wheat, contrary to the known principle that a plaintiff can never recover more than he claims, though he often may recover less.    The court below, therefore erred in directing the jury, that in estimating the damages, they might consider the value of the plaintiff's services, with or without being provided with the corn and wheat by the defendant.

JOHNSON, J.    This was an action on the case, brought by *Covington* against *Coursey* on the 7th April 1818, in which the plaintiff recovered $290 on the 1st June 1819. An exception was taken to the opinion of the court, on which the cause is brought before the court of appeals.

The declaration contains 4 counts: 1. To recover $250 for services rendered as an overseer.    2. Same sum for work and labour.    3. *Quantum meruit* for same.    4. *Insimul computassent*.    Plea *non assumpsit*.

At the trial of the cause, the plaintiff, in support of the issue on his part, gave in evidence to the jury articles of agreement entered into between the plaintiff and defendant,

dated 30th December 1815, by which the defendant agreed to permit the plaintiff "to be his overseer for the year 1816, and will permit him to live and occupy, and possess, the house where *Joseph Howard* now lives, with the appurtenances, which said *Howard* enjoys; that he will furnish the said *Elijah*, (the plaintiff,) with two cows to milk, and will permit the horse of the said *Elijah* to be pastured in common with his work horses, and will furnish him with reasonable food for the horse; that he will furnish and provide for the said *Elijah* 700 lbs. pork, 15 *bbls. corn, and twelve bushels of good clean wheat*, and *pay him* $250, at the time it may become due." In consideration of the above compensation the plaintiff agreed to serve as an overseer, &c.

The suit was not brought to recover compensation for the year 1816, but for 1817, the overseer having remained there both years.

After the above agreement was read on the part of the plaintiff, the defendant produced also an agreement between them, of the same date and tenor, except that after the words "15 bbls. corn," were inserted *"for his family,"* and twelve bushels of clean wheat.

Both agreements were admitted to have been executed. It was proved that the plaintiff kept the keys of the granary and corn-house during the year 1817, and that the plaintiff and family resided on the farm during that year, and was not restricted from taking the amount of the corn and wheat.

Upon this evidence the defendant prayed the court to direct the jury, that if they should believe, that the contract between the plaintiff and defendant in 1817, was according to the contract as on the part of the defendant produced, *and that the plaintiff was not restricted from taking the corn and wheat*, that neither of those articles can form any consideration upon which he can recover. But the court refused to give the instruction as prayed; being of opinion, that the *value* of the articles, as *such*, cannot be recovered in this action; but that the jury, in estimating the damages on the *quantum meruit*, might *consider* the *value* of the plaintiff's *services, with* or *without* being provided with those articles by the defendant, and that the sound construction of the articles of agreement, produced by the defendant, is such, that the defendant *should fur-*

June 1820.
Coursey
vs
Covington

*nish the corn and wheat for the plaintiff, whether that quantity was consumed or not.*

I agree with the court below in the construction given of the contract as produced by the defendant. But it appears to me, that they erred in the previous part of their opinion.

, The suit is not brought on the special agreement, claiming not only the $250, but a compensation for the deficiency in the corn and wheat; but is solely and exclusively brought for the $250. Supposing the special agreement to be evidence in the cause to enable the plaintiff to recover the $250, yet certainly under that agreement, as applied to the general counts in the declaration, he was incompetent to recover for the corn and wheat. The court were aware of this, and expressly say, that he was incompetent to recover for the *articles*, (that is, the corn and wheat,) *as such;* yet that the jury, in ascertaining the amount of the verdict on the *quantum meruit*, might consider them, and of course *increase* or *diminish* the damages, as the fact might turn out; that is, if they had been received, the plaintiff must be governed by the $250, if not, that the value of those articles must be added to that sum; and from the amount of the verdict they were in part added.

Although, on general counts, you may give in evidence contracts executed, yet it will not follow that on such counts, claiming money alone as due, you can claim damages for the non-delivery of different articles, such as corn and wheat; and although, on general counts *for money*, you may give in evidence a special agreement establishing *the extent of the money claim*, yet it will not follow that other articles, agreed to be given in addition, to the non-delivery of which articles no complaint is made, can increase the money claim.

If they could the defendant must be constantly taken by surprise; he was bound to pay money, corn and wheat; he is sued, and the allegation is, that the money was not paid; could he possibly expect, or be prepared to meet, at the trial of the cause, a demand for the corn and wheat also?

JUDGMENT REVERSED AND PROCEDENDO AWARDED.