Ridgeley *vs.* Crandall and wife.

---

CHARLES RIDGELEY, JR., *vs.* JAMES H. CRANDALL, and ELIZABETH, his wife.

The stipulated price due under a special contract not under seal, which has been executed, so that the payment of the money only remains, can be recovered under the *indebitatus assumpsit* count, and it is not necessary in such case to declare upon, or set out the special agreement.

A defendant cannot set up as a defence to an action to recover a sum awarded to be paid by him by commissioners appointed by the parties to divide real estate, that his wife, whom he had himself induced to become a party to the division, was at the time a minor, for this would be allowing him to set up his own fraud as a protection.

The deeds and contracts of infants are not *absolutely void*; unless the court can see from the contract itself, that it would be to the prejudice of the infant, it will not be pronounced void, but voidable only.

Where a suit is in the joint names of husband and wife, the interest of the wife must be stated distinctly and affirmatively in the declaration, otherwise the joinder is improper.

In an action of *assumpsit* for money awarded to be paid by defendant to plaintiff, by commissioners appointed to divide real estate, the insolvency of another party to the division, is a matter wholly collateral and immaterial to the issue.

In such a case it is too late for the defendant, after having consummated the

division, by uniting in the conveyance in pursuance thereof, and receiving the plaintiff's deed, to set up the insolvency or infancy of other parties, in avoidance of his obligation to the plaintiff.

APPEAL from the Circuit Court for Prince Georges county.

This was an action of *assumpsit*, brought by the appellees, James H. Crandall, and Elizabeth his wife, against the appellant. The declaration contains four counts. 1st, for articles properly chargeable in account, as per particular account thereof filed. 2nd, for goods sold and delivered. 3rd, the usual money counts. 4th, an *insimul computassent* count. The plaintiffs also filed with the declaration, the following account stating their cause of action.

"Charles Ridgeley, Jr.

    To James H. Crandall and Elizabeth, his wife, Dr.
1850. To this amount being difference in value of property, divided among the devisees of J. Mullikin, deceased, and which sum was awarded by the commissioners, selected by said devisees, to be paid by you to us, in full for said difference.          $233.33⅓"

The plea was *non assumpsit.*

*1st Exception.* The proof incorporated in this exception, is sufficiently stated in the opinion of this court. The defendant upon this proof offered four prayers, in substance as follows :

1st. If the jury find there was a condition annexed to the contract, relied on by the plaintiffs, to be performed by them before the defendant was to pay the money sued for, they cannot recover until they show performance on their part of such condition precedent. (This prayer was granted by consent.)

2nd. (This prayer is stated in the opinion of this court.)

3rd. If the jury find that the wife of the defendant was a minor at time of the partition and execution of the deeds, then said partition and deeds are void in law, and nothing in them or the award of the commissioners, constitute a sufficient consideration in law to form a valid contract.

4th. If they find that the promise on which this action was

Ridgeley vs. Crandall and wife.

brought, was made to Crandall separately, and not to him and his wife, then the plaintiffs under the pleadings and proof in the cause, are not entitled to recover.

The plaintiffs then asked an instruction, in substance, that if the jury find the division and award as stated in the proof, and a promise by defendant to pay the plaintiffs the difference ascertained by the arbitrators, either unconditionally or upon conditions which have been complied with, that defendant took possession of the share allotted to him, and the execution of the deeds in conformity to said partition, the plaintiffs are entitled to a verdict for such difference so awarded, and the taking possession of his share and execution of the deed by him, is evidence, from which the jury may infer a full assent, to said allotment and division, and a full compliance by the plaintiffs with all their duties under said partition.

The court (CRAIN, J.) rejected the 2nd, 3rd and 4th prayers of defendant, and granted that of the plaintiffs.  To this ruling the defendant excepted.

*2nd Exception.*  The defendant then offered to read in evidence to the jury, the record of the proceedings in insolvency of Jeremiah Mullikin, Jr., one of the grantors in the deed from him and plaintiffs to defendant and wife, for the purpose of proving that at the time of executing said deed, said Mullikin, had no title to the property thereby conveyed, and, therefore, could not so far as he was concerned, pass any title to defendant of his interest in said land, and, therefore, the title of defendant and wife, derived under said deed, was defective in law, and he ought not to be compelled to comply with the alleged promise, on which this suit was brought; but the court excluded this testimony as inadmissible.  To this ruling the defendant excepted, and, the verdict and judgment being in favor of the plaintiffs, appealed.

The cause was argued before LE GRAND, C. J., ECCLE-STON and MASON, J.

*C. C. Magruder* for the appellant.

1st.  The plaintiffs having proved a special contract, could

not recover upon any count in their declaration. They ought to have pleaded this special contract, and relied upon it. 7 *H. & J.*, 133, *Owings vs. Low.* 6 *H. & J.*, 38, *Watkins vs. Hodges.* *Do.*, 89, *Berry vs. Thompson.* The defendant's second prayer therefore ought to have been granted.

2nd. The defendant's wife being a minor at the time of the division, the same was illegal, and not binding on her or the defendant. 3 *G. & J.*, 103, *Fridge vs. State, use of Kirk.* 11 *G. & J.*, 327, *Moale vs. Buchanan.* 3 *Bland*, 125, *Salmon vs. Clagett.* 2 *Do.*, 509, *Watkins vs. Worthington.* 2 *H. & G.*, 133, *Osgood vs. Spencer.* 4 *H. & J.*, 531, *Beck vs. Thompson.* 2 *Md. Ch. Decisions*, 81, *Levering vs. Heighe.* The defendant therefore did not get a valid title, and hence the award of the commissioners cannot bind him, for want of a sufficient consideration.

3nd. The agreement to pay is to Crandall alone, whilst the declaration charges the debt as due the *plaintiffs.* The declaration should have stated the *quo modo* the wife became interested, and is defective in not doing so. 1 *Chitty's Pl.*, 30. 2 *Wm. Black's Rep.*, 1236. 2 *Maule and Sel.*, 393. 1 *H. & G.*, 139, *Higdon and wife, vs. Thomas.*

4th. In the second exception, the insolvent proceedings were admissible, to show that no title was derived by the appellant, because Mullikin's title was vested in his trustee. The record was the best evidence of this fact, and was admissible to prove the fact of the pendency of such proceedings. 1 *Md. Rep.*, 80, *Bayne vs. Suit.*

*Daniel C. Digges* for the appellees.

1st. The second prayer of the defendant is partial in its operation, and assumes what the proof does not warrant, viz., that the whole case depended upon a special agreement, and that the plaintiffs should have averred the performance of the condition precedent on their part. It excludes from the jury all the proof offered by the plaintiffs, which was applicable to the money counts, and therefore was properly rejected. 4 *H. & J.*, 517, *Burt vs. Gwinn.* 7 *H. & J.*, 291, *Riggin vs. Patapsco*

*Ins., Co.* 3 *G. & J.*, 450, *Bosley vs. Ches. Ins., Co.* 9 *G. & J.*, 220, *Powell vs. Bradlee.*

2nd. Infancy is a *personal* privilege, and defendant cannot in law set it up as a defence in full or in part. 3 *Cruise's Digest*, 288, sec. 20. 2 *Cowen*, 568. 1 *Md. Rep.*, 43, *Key's Lessee, vs. Davis.* The partition was *in pais*, and though defendant's wife was a minor, yet it was not *void.* 5 *Law Lib.*, *Allnut on Partition*, 21, 22, 27. 2 *Coke on Litt.*, secs. 250, 257, 318. 1 *Md. Rep.*, 43. 2 *Kent's Com.*, 236, *notes (e) and (g,)* 237, *note (b.)* Again, this third prayer was in direct conflict with the covenants made by the defendant in his deed, which upon its face shows a sufficient consideration for the contract. 1 *Greenlf. on Ev.*, secs. 22, 23, *note* 1.

3rd. The fourth prayer erroneously assumes, that the action is brought on a promise, either to Crandall, or to Crandall and wife, and if to Crandall alone, the plaintiffs cannot recover under the pleadings and proofs in the cause. The law implies a promise to pay *Crandall and wife*, the latter being the meritorious cause of action. If it is necessary to aver her interest, this is done by the account filed with the declaration, and which is part of it. On this point, see 1 *Chitty's Pl.*, 31. 2 *Greenlf. on Ev.*, secs. 104, 105. 1 *H. & G.*, 139, *Higdon and wife, vs. Thomas.*

4th. The ruling of the court in the second exception was correct, because the evidence proposed to be offered, was entirely irrelevant to any issue in the cause, it was *res inter alios acta.* 2 *H. & J.*, 402, *Dorsey vs. Gassaway.* 1 *Greenlf. on Ev.*, secs. 50, 52.

MASON, J., delivered the opinion of this court.

The appellees instituted this action to recover the difference in value alleged to be due the plaintiffs, in the division of the real estate of Jeremiah Mullikin, the father of plaintiff's wife, between the portion of the said realty allotted to the plaintiff's wife, and the portion thereof allotted to the appellee's wife, by commissioners appointed by them and a certain Jeremiah Mullikin, who was entitled to an equal share with his said

two sisters, in said real estate, under the will of their said father. The declaration contains the usual money counts, and the plaintiffs also filed with it an account stating their cause of action. The proof incorporated in the first bill of exceptions shows, that Jeremiah Mullikin, the testator, died in August 1850, and by his last will devised to his said three children certain real estate, consisting of houses and lots in the village of Upper Marlborough, and that the said devisees, and the said Ridgeley and Crandall agreed to have the same divided by certain commissioners, who made a division thereof, and also awarded to the said plaintiffs, to be paid by the said appellant, the sum of money claimed in this suit for the difference in the value between the portions allotted to the wives of the said Ridgeley and Crandall; that the wife of said appellant was under the age of twenty-one years at the time of said division, and that the said Ridgeley stated at the time of the said partition, that he never would pay the said sum, unless he was indemnified against the claim of a Mrs. Mullikin to a part of the lot awarded to him. The record also shows, that after the division of the said property was made, deeds were executed by the said parties for their respective portions; the said Jeremiah Mullikin, and the said Crandall and wife, and Ridgeley and wife, uniting in said conveyances, all of which bear date 9th October 1850. The record further shows, that the defendant offered to show in evidence that Mullikin, one of the devisees, had before the execution of the deeds applied for and obtained a discharge under the insolvent laws.

Upon this state of facts the defendant offered several prayers, all of which were rejected by the court below, except the first, which was granted by consent.

The first question which we are called upon to decide, arises out of the refusal of the court below to grant the defendant's second prayer. This prayer avers, "that the plaintiffs were not entitled to recover in this action, their declaration being defective in this, that they do not set out the special agreement above mentioned, and aver the performance of the said condition precedent on their part."

Ridgeley *vs.* Crandall and wife.

The execution and delivery of the deeds of partition or division, made in pursuance of the award of the commissioners appointed by the agreement to divide the property, was a consummation or execution of the contract by the plaintiffs.

The stipulated price due under a special contract not under seal, where the contract has been executed, as in this case, so that only the payment of the money remains, can be recovered under the *indebitatus assumpsit* count, and it is not necessary in such case to declare upon or set out the special agreement. 11 *Wheat.*, 237, *Perkins vs. Hart.* 4 *Cowen*, 564. *Coursey vs. Covington*, 5 *H. & J.*, 45. *Baker vs. Corey*, 19 *Pick.*, 496. *Bank of Columbia vs. Patterson*, 7 *Cranch*, 299. 9 *Peters' S. C. Rep.*, 541. *Peltier vs. Sewall*, 12 *Wend.*, 386.

This prayer, we think, was properly rejected.

The third prayer seeks to shelter the defendant from his liability growing out of the contract, because his wife, whom he had himself sought to make a party to it, was an infant at the time the deeds were executed. Such a proposition is wholly untenable. It virtually sets up the defendant's own fraud as a protection to him. What may be the effect of this agreement upon the rights of the wife, or how far she may be enabled now or hereafter to avoid it, are questions about which we desire to intimate no opinion. But we are clear that it does not lie in the defendant, in the present proceeding, to take advantage of his wife's infancy to avoid his own contract.

This prayer is defective upon another ground, and that is, it assumes that the deeds made under the contract, to which the wife was a party, were *absolutely void*, if she was an infant at the time they were executed. As a general legal proposition this is not true. Unless this court can see from the contract itself that it would be to the prejudice of the infant, it will not be pronounced void, but voidable only. The inclinations of our courts are, to treat the deeds and contracts of infants as merely voidable, and not as absolutely void, and this prayer is vicious in treating them all as void without

qualification. *Fridge vs. The State,* 3 *Gill and Johns.,* 115. *Key vs. Davis,* 1 *Md. Rep.,* 42.

The defendant's fourth prayer, which presents the question of the propriety of joining the wife in the present suit, we think ought to have been granted. The husband and wife were improperly joined. The pleadings nowhere disclose such a meritorious cause of action in the wife as would warrant a suit in the joint names of the husband and wife. In this respect this case is unlike the case of *Higdon vs. Thomas,* 1 *H. & G.,* 139, which was mainly relied upon by the plaintiffs in support of the regularity of this proceeding. The report of that case states that "the declaration counted upon the contract recited in the bond." The bond expressly recites that the land sold by Higdon, for the purchase money of which the suit was brought, "was held by virtue of his intermarriage with Armetesia, (his wife,) daughter and devisee of Sarah Briscoe." The consideration in that case being the inheritance of the wife, the implied promise was, by the court, made to enure to the wife jointly with the husband, and on which implied promise the husband could sue either in his own name, or in the name of himself and wife. In the case we are now considering, the declaration shows no cause of action in the wife, but it is contended that the account filed with the declaration is a part of the pleadings, and that it discloses sufficient grounds to support this proceeding. Admitting it to be a part of the pleadings, still it does not show that the money sued for was part of the *wife's inheritance.* It is true it states that it was "the difference in value of property divided among the devisees of J. Mullikin, deceased, and which sum was awarded by the commissioners to be paid by you, (defendant,) to us, (plaintiffs,) in full of said difference," but still it does not appear whether the wife or the husband was the devisee. The interest of the wife should be stated in the declaration distinctly and affirmatively, before the court can raise an implied promise to the wife, as in the case of *Higdon vs. Thomas.* It was supposed that that case carried this doctrine fully as far as general principles would warrant, and we

do not feel at liberty to extend it any further.    See *Staley vs. Barbrite*, 2 *Caine's Rep.*, 221.    *Philliskirk vs. Pluckwell*, 2 *Maule and Selw.*, 393.    *Bidgood vs. Way*, 2 *Wm. Blackstone*, 1236.    1 *Chitty's Plead.*, 30.

For the same reasons, we think, the plaintiffs' prayer, which was granted by the court, ought to have been denied.    It assumed, among other things, that the husband and wife were properly joined in this action.

The second exception, we think, presents no error.    It relates to the admissibility of the proceedings in the matter of the insolvency of J. Mullikin, Jr.    Under the circumstances of this case this testimony was clearly inadmissible.    There is no analogy between this and the case of *Bayne vs. Suit*, 1 *Md. Rep.*, 80.    In the latter case the existence or pendency of the replevin suit was directly in issue, and the record of the proceedings was admitted as the best evidence of the fact. Here the insolvency of Mullikin is not in issue.    It is a circumstance which we deem wholly collateral and immaterial to the main issue, and therefore the evidence offered to establish it was properly rejected.

It may be observed in this connection, that if the defendant intended to take advantage of either the infancy of his wife, or the insolvency of Mullikin, to defeat the agreement for the partition, he ought to have done so, at least, before he united with the other parties in the conveyance made in pursuance of that agreement.    After he had consummated the arrangement as far as he was able, and received the plaintiffs' deed in the face of the insolvency and infancy of the two devisees, it is now too late for him to set them up in avoidance of his obligations to the plaintiffs.

*Judgment reversed and procedendo awarded.*