Barr & Wife *vs.* White.

(Decided November 16th 1864.)

Lewis K. Barr & Wife *vs.* Daniel White.

Husband and Wife: Pleading, Misjoinder of Actions and of Parties: Demurrer.—In an action against husband and wife the 1st count of the declaration was in trover, and the 2nd, 3rd and 4th counts in trespass. The defendant demurred to the declaration, and for causes assigned a misjoinder of actions and of parties;—Held:

1st. That under the Act of 1856, ch. 112, sec. 33, there was no misjoinder of actions.

2nd. That the ancient rules of pleading recognized and established by the Courts in England and this State, in reference to the joinder of parties, has not been materially changed by the Act of 1856, ch. 112, except so far as they are controlled in their application to a particular case, by the changes in the rights of property in the marital relation, effected by our Acts of Assembly.

3rd. That there is misjoinder of the wife in the first and second counts because it is not stated therein what interest she has in the property, and in the absence of such statement the chattels are her husband's *jure mariti*, and he must sue alone.

The 3rd count alleged—"that the defendant, as constable, under and by virtue of certain executions issued upon judgments against the said husband, for debts contracted by him, did wrongfully and unlawfully seize and carry away the goods and chattels of the said wife, belonging to, and acquired by her, under and by virtue of the Act of Assembly passed May 24th 1853, ch. 245:"—HELD:

That in said count there was no misjoinder of the wife.

The 4th count alleged—"that the defendant wrongfully and unlawfully seized and carried away the goods and chattels of the said wife, belonging to her in her own right and to her sole and separate use," &c.—HELD:

That in said count there was no misjoinder of the husband.

In dealing with the demurrer the several counts of the declaration must be treated in some measure as if they were different suits, and though some of them be ruled insufficient on demurrer, the whole declaration cannot be adjudged bad.

APPEAL from the Circuit Court for Washington County:

This was an action brought by the appellants against the appellee, September the 10th 1859, for the alleged wrongful taking of certain personal property mentioned in the declaration, claimed to have belonged to the appellant, Caroline, and to have been acquired and held by her under the Act of 1853, ch. 245. The declaration contained four counts, the first in *trover*, and the second, third and fourth in *trespass*. The defendant demurred to the declaration and the demurrer was ruled good by the Court below, (PERRY, J.,) and judgment rendered thereon for the defendant, from which the plaintiffs appealed. For a full statement of the case, see the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, and COCHRAN, J.

*A. K. Syester* and *Wm. T. Hamilton*, for the appellants.

The remedies for the relief and security of the wife, with reference to the property acquired or held by her

under the Act of 1853, is confined to cases, "where it is sought to be subjected to the payment of her husband's debts," and the form and manner of the remedy must be devised with reference to her legal disability, and the marital rights of her husband. The legal title being in him, that title must be asserted in Courts of Law by him, either alone, or jointly with her, where by the pre-existing law, such joinder was necessary. *Bridges & Woods vs. McKenna,* 14 *Md. Rep.,* 269.

The question of joinder in this case depends upon the extent of the husband's rights in the property; that is, as his right is *qualified* or *absolute.* Where the right is absolute a joinder is improper. *Clancey on Husband and Wife,* 2, 3. *Higdon vs Thomas,* 1 *H. & G.,* 139. Where the husband's right is qualified, a joinder is not improper. See same authorities. And in many cases depending on the question of survivorship, and the time when the cause of action accrued, a joinder is necessary or optional. It may be safely said, that where the husband's title to the property is not absolute, but qualified, or the property or thing in action survive to the wife, a joinder is not demurrable.

Property held by the wife under the Act of 1853, is not the absolute property of the husband, and it survives to her. The several statutes and expositions of the Courts made thereof, protect the property of the "wife from the debts of the husband, and during life, secure its enjoyment to the wife, free from the liabilities incurred by the husband." *Schindel vs. Schindel,* 12 *Md. Rep.,* 121. Neither the property mentioned in the *nar.,* nor the cause of action, could therefore go into the husband's estate, at his death; and of course, both survive to the wife. And the criterion by which it may be judged when he must sue alone, and when he may not, so far as the cause of action is concerned, is, that if the cause of action survives to the wife then the husband may join the wife, but if

it will not survive, he must sue alone. *Clancey on Husband and Wife*, 8, 9. *Clapp vs. Stoughton*, 10 *Pick.*, 463. *Higdon vs. Thomas*, 1 *H. & G.*, 139.

The joinder of husband and wife on the first three counts was therefore proper: 1st. Because the property was not, absolutely, the husband's. 2nd. Because the property forms no part of his estate, is not answerable for his debts, either during his life, or at his death, but survives to the wife for her enjoyment during her life. 12 *Md. Rep.*, 121. And the cause of action itself must of necessity survive to the wife.

*R. H. Alvey*, for the appellee.

The demurrer being to the whole declaration, if there be any misjoinder of parties or rights, was properly sustained, and the entire declaration adjudged bad.

In all cases for misjoinder, the demurrer must be to the whole declaration, and not to any particular part of it. *Kingdon vs. Nottle*, 1 *M. & S.*, 355, 356. 1 *Ch. Pl.*, 205, 206, 665. 2 *Ch. Rep.*, 697. *Brigden vs. Parks*, 2 *B. & P.*, 424. *Rose vs. Bowler*, 1 *H. Black.*, 110. The plaintiffs might have asked leave to amend under the Act of 1856. *Ch. Pl.*, 74, 75.

In this case the wife has been improperly joined in the first three counts of the declaration, and the husband misjoined in the fourth, and consequently, there has been a misjoinder of counts.

The wife has been misjoined in the first three counts, because it is not stated what interest she held in the property, in respect of which suit is brought, to entitle her to be joined in the action. As the allegations are made in these counts, the right of action would be alone in the husband.

"When the cause of action has its inception as well as completion after the marriage, the husband must sue alone; the legal interest in personalty being vested by

the marriage in him; and therefore a declaration in trover at the suit of the husband and wife, should state that the wife was possessed before the marriage, or held the goods with him in her character of executrix; and if it be merely stated that the husband and wife were possessed, the defendant may demur: for the possession of the wife is in law the possession of the husband, and the property vests in him exclusively." 1 *Chit. Pl.*, 74, 75. *Ridgely vs. Crandall & Wife*, 4 *Md. Rep.*, 435.

And there can be no intendment that the property in question belonged to the wife in such right as to entitle her to sue jointly with her husband. It must be expressly averred upon the record. *Bidgood vs. May & Wife*, 2 *W. Black. R.*, 1236. *Serres vs. Dodd*, 5 *B. & P.*, 405. *Nelthrop vs. Anderson*, 1 *Salk.*, 114.

Nor is this doctrine of the common law changed by the legislation of this State, except as to the separate property of the wife, acquired under the 8th sec. of the Act of 1842, ch. 293, or otherwise; in regard to which separate property, she holds both the legal and equitable title, under the 3rd sec. of the Act of 1853; and, for wrongs to such property, by the 2nd sec. of that Act, she has her remedy, in Courts of law, as a *feme sole*. *Bridges & Woods vs. McKenna*, 14 *Md. Rep.*, 258.

But in regard to property acquired or held by the wife generally, and not to her sole and separate use, it was said by this Court, in the case just cited, that the legal title being in the husband, "that title must be asserted in Courts of law by him, either alone, or jointly with her, where, by the pre-existing law, such joinder was necessary." 14 *Md. Rep.*, 269.

The 4th count declares for injury to the separate property of the wife, and, in regard to which, there is a clear misjoinder. For injury done to such property, she should have sued alone, and as *feme sole*, under the 2nd sec. of the Act of 1853. 14 *Md. Rep.*, 269. General damages

are claimed, moreover, to both husband and wife jointly; which is fatally erroneous. If her interest be sole and separate, and to which she has both the legal and equitable title, the husband could have no right to claim or demand damages for injury to such estate of the wife. 1 *Salk.*, 114. 2 *Wm. Bla. Rep.*, 1236. *Tuttle vs. Cooper*, 10 *Pick.* 281.

BARTOL, J., delivered the opinion of this Court.

This action was instituted by the appellants. The declaration contains four counts. The first alleges, "that the defendant converted to his own use, and wrongfully deprived the said Caroline of the use and possession of her goods; that is to say," &c. The second, "That the defendant wrongfully and unlawfully broke into and entered upon the premises of the said plaintiffs, and seized and carried away the goods and chattels of the said Caroline," &c., "and other wrongs thus and there did, to the great damage of the said Caroline." The third alleges, "that the defendant, as constable, under and by virtue of certain writs of *fieri facias*, to him directed, and issued upon judgments against Lewis K. Barr, for debts contracted by him, did wrongfully and unlawfully seize and carry away the goods and chattels of the said Caroline, belonging to and acquired by her, by virtue of the provisions of the Act of Assembly passed January 24th 1853, chapter 245," &c. The fourth alleges, "that the defendant wrongfully and unlawfully seized and carried away the goods and chattels of the said Caroline, belonging to her in her own right, and to her sole and separate use," &c.

To this declaration the defendant demurred, and for causes, assigned a misjoinder of actions and of parties. The demurrer was sustained by the Circuit Court, and judgment rendered for the defendant.

The Act of 1856, ch. 112, sec. 33, provides: "That causes of action of whatsoever kind, provided they be by and against the same parties, and in the same rights, may be joined in the same suit, but this shall not extend to *replevin* or *ejectment*." Under the comprehensive provisions of this Act, no objection can be made to the declaration on account of misjoinder of actions; the first count is in *trover,* and the other three in *trespass*, which, under the Act of 1856, may be well joined in the same action.

It is contended that there is a misjoinder of parties, in this: that the wife is improperly joined in the first three counts, and the husband in the fourth count.

We do not discover that the rules of law with reference to the joinder of parties, were materially changed by the Act of 1856, so as to affect this case. The ancient rules of pleading, recognized and established by the Courts in England and in this State, are therefore to govern as to the decision of the questions here presented, except in so far as they are controlled in their application to a particular case, by the changes in the rights of property in the marital relation effected by our Acts of Assembly. With this general proposition in view, we proceed to examine the several counts in this declaration.

There is misjoinder of the wife in the first count, because it is not stated what interest she has in the property. In the absence of such statement, the chattels are the husband's, *jure mariti*, and he must sue alone. The very case is put by *Chitty* in his *Pleadings*, 1 *vol.*, 74–75, quoted in the appellee's brief. See also, 1 *H. & G.*, 139, and 4 *Md. Rep.*, 435.

The second count is bad for the same reason.

The third count presents a different question, that is brought to obtain the protection of the wife's property from the husband's creditors, secured by the Act of 1853, ch. 245. We see no reason why the wife is not properly joined in the action; she is certainly the meritorious

cause of action, and that is the test of the common law rule. 1 *Ch. Pl.*, 30. Being within the reason of the rule, the case is within the rule. In speaking of the remedy in such cases as this, in *Bridges & Woods vs. McKenna*, this Court said: "The legal title being in him, (the husband,) that title must be asserted in Courts of law by him either alone or jointly with her, (the wife,) where by the pre-existing law, such joinder was necessary." 14 *Md. Rep.,* 269. In our opinion there is no misjoinder in the third count.

The fourth count is in *trespass,* and alleges the property to belong to the wife to her sole and separate use. To that count it is objected that the husband is improperly joined, and the wife must sue alone; and the language of this Court in *Bridges & Woods vs. McKenna* is cited in support of the objection. We said, "in such case the wife *may* sue at law as a *feme sole,*" but by no means intended that the husband might not join in the action, although not necessary for him to be joined according to our construction of the Act of 1853.

The conclusion from what has been said, is: That in our opinion, the first and second counts of the declaration are bad, and the third and fourth counts are good. We have now to determine the effect of this ruling. The appellee maintains, that the demurrer being to the whole declaration, if there be any misjoinder of parties, was properly sustained, and the entire declaration adjudged bad, and in support of this position has cited 1 *Ch. Pl.,* 205, 206, and the cases there referred to. But the learned author is treating in that place, of the consequences of a misjoinder of actions. The authority does not apply to this case, instituted under the Act of 1856, which allows causes of actions of different kinds to be joined in the same suit. The same author, on page 33 says, "and if she, (the wife,) improperly join in an action with her husband, who ought to sue alone, the defendant

may demur." But it is not stated that if in such case there be one good count, a demurrer to the whole declaration would be sustained. It is very obvious that such cannot be the effect in this case; for each count sets out a distinct and independent cause of action, different in kind from the others, and under the Act of 1856, ch. 112, sec. 33, the Court was authorized to prevent the trial of the different causes of action together, and direct separate cases to be docketed, and separate trials to be had. In dealing with the demurrer, therefore, we must treat the several counts, in some measure, as if they were distinct suits, and though some of them be ruled insufficient upon demurrer, the whole declaration cannot be adjudged bad. The rules stated in *Ch. Pl.*, 665, are more applicable to such a case as this.

*Judgment reversed and*
*procedendo ordered.*

(Decided November 16th 1864.)