ANN PORTER, by her husband and next friend JOSHUA S. PORTER *vs.* MAHLON BOWERS.

*Property acquired by a Wife before the Act of 1841, ch. 161—Rights of Husband—Actions—Rules of Court—Appeal.*

To the possession of land given to a wife by her father in 1840, the husband having children by the wife, became entitled *jure uxoris*, and to the pernancy of profits during their joint lives, and as tenant by the curtesy upon her death, if he should survive her; and this title was not divested by the Act of 1841, ch. 161, or by the provisions of the Code of 1860. During the continuance of his life estate, he alone is entitled to sue for an injury to the possession or profits of the land; for an injury to the inheritance the suit must be in the joint names of himself and wife.

Where the rules of the Court below provided, that after all the testimony was in, the prayers should all be offered and argued together, and that when the law of the case should have been elicited and settled, no additional prayers would be received unless by permission of the Court, the Court refused to consider additional prayers offered by a plaintiff after the Court had rejected his prayers and granted the defendant's. On exception by the plaintiff, it was HELD:

That this was a matter within the discretion of the Court below, and not the subject of an appeal.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

*Exception.*—At the trial, the plaintiff offered three prayers, which were rejected by the Court below, (HAYDEN, J.,) and which need not be set out; the defendant offered one prayer which was granted, and which is stated in the opinion. Whereupon the counsel for the plaintiff gave notice to the Court, that he excepted to the rejection of the plaintiff's prayers, and the granting of the defendant's

prayer, and thereupon the Court adjourned until the following morning, the 14th May, 1880, and on the assembling of the Court on the said 14th May, the counsel for the plaintiff offered for the consideration of the Court, two other prayers, four and five, purporting to be in reply to the defendant's prayer, which had been granted by the Court as aforesaid. These prayers need not be set out.

Which said fourth or fifth prayers of the plaintiff, the Court below refused to receive or consider, because the rules of the Court require, that on the close of the proof and evidence in any case, all the prayers shall be offered for the consideration of the Court, that the counsel on either side may propose to offer, otherwise the Court may refuse to receive or entertain them. Rules relating to offering prayers :

Ordered, this 8th day of June, 1868, that in the trial of causes in this Court, in which juries are empanelled, the following rules shall be observed and adhered to, and that the same shall take effect from this date.

1st. After all the testimony intended to be offered by the plaintiff and defendant shall have been introduced, the Court will expect to be furnished with all the prayers which the parties respectively may propose to found thereon; these prayers shall be argued in connection together, unless otherwise directed by the Court—the plaintiff, if he shall have submitted any material proposition, not admitted by the defendant, being entitled to open and conclude the whole.

2nd. When the law of the case shall have been elicited and settled, as contemplated by the above preceding rule, no additional prayer or prayers will be received, nor additional evidence be given to the jury, unless by permission of the Court.

Whereupon, the plaintiff excepted to the rejection by the Court of the plaintiff's said first three mentioned prayers, and to the granting of the defendant's prayer,

and to the refusal of the Court to entertain or consider the plaintiff's said fourth and fifth prayers.

The verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and IRVING, J.

*William P. Maulsby,* for the appellant.

*William A. McKellip* and *John E. Smith,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This is an action of trespass *q. c. f.* brought by the appellant, a married woman, by her husband as next friend, against the appellee.

It appeared in proof that the land on which the alleged trespass had been committed, was given to the appellant by her father in 1840. She being at that time the wife of Joshua S. Porter ; that she and her husband have ever since lived together.as man and wife, and have children born to them alive ; that they have continued ever since in the possession and occupancy of the land.

The Circuit Court instructed the jury upon this state of facts " that the land in question is not the separate property of the plaintiff, and that she is not entitled to maintain this action by her next friend, and that under the pleading and all the evidence in the cause the plaintiff is not entitled to recover."

There can be no doubt of the correctness of this instruction.

The title to the land in fee, having been acquired by Mrs. Porter during her coverture, and before the Act of 1841, ch. 161, her husband became entitled *jure uxoris* to the possession thereof, and the pernancy of profits during

their joint lives, and as tenant by the curtesy upon her death if he should survive her. This title of his was not divested by the Act of 1841, ch. 161, or by the provisions of the Code of 1860.

During the continuance of his life estate, he alone is entitled to sue for an injury to the possession or profits of the land; for an injury to the inheritance, the suit must be in the joint names of himself and wife. *Rice, et al. vs. Hoffman,* 35 *Md.,* 349; 2 *Kent's Com., sec.* 28.

It is clear that the present suit cannot be maintained in the name of the *feme covert* by next friend. *Bridges & Woods vs. McKinna,* 14 *Md.,* 269; *Barr & Wife vs. White,* 22 *Md.,* 259.

It follows that there was no error in rejecting the first, second and third prayers of the plaintiff.

As to the fourth and fifth prayers offered by the plaintiff, and which the Circuit Court refused to receive or consider, under the rule of Court; no error can be predicated of the Court's action in this respect, as it rested in its discretion. *Bushey vs. Culler,* 26 *Md.,* 534.

It may also be added, that as the defendant's prayer was properly granted, the fourth and fifth prayers of the plaintiff, if they had been offered in time, must have been rejected, and consequently no injury was done to the plaintiff by the refusal of the Circuit Court to receive or consider them.

*Judgment affirmed.*

(Decided 13th January, 1881.)