NEW-YORK,
May, 1811.

M'FARLAND
v.
IRWIN.

### M'FARLAND *against* IRWIN.

THIS was an action of *scire facias* to revive a judgment in debt for 500 dollars, and 14 dollars and 43 ter which he might have pleaded to the original action, or which existed prior to the judgment; and it makes no difference whether the judgment was entered up by confession on a warrant of attorney, or by default, or on plea; but where the judgment is by *confession*, the proper remedy is by an application to the court for relief on motion.

*To a scire facias, on a judgment, the defendant cannot plead any matter... to the judgment... confession on a...*

NEW-YORK,
May, 1811.

M'FARLAND
v.
IRWIN.

cents, costs. To the declaration on the *scire facias*, the defendant pleaded, that the plaintiff ought to have execution for 50 dollars, part of the said debt, with the interest on the said sum of 50 dollars, from the 21st of *November*, 1807, being the date of the bond and warrant of attorney; but that for the residue of the said debt, the plaintiff ought not to have his execution against the defendant, because the judgment was given by virtue of a certain bond, conditioned for the payment of 250 dollars, and a warrant of attorney accompanying the same; and that the said bond and warrant of attorney were executed by the defendant, pursuant to an agreement made between the plaintiff and defendant, the 27th of *November*, 1807, by which the plaintiff agreed to give to one *A. E.*, a power to dispose of a certain piece of land in *Ireland*, and to advance 50 dollars towards his expenses to *Ireland;* and if the said *A. E.* should sell the land, the bond and warrant of attorney were to be security for the repayment of the 50 dollars advanced, and 200 dollars for the land on the return of *A. E.*; but if the land was not sold, the plaintiff was not to exact payment of the bond; that the plaintiff executed the power, and advanced the 50 dollars to *A. E.* pursuant to the agreement, but that *A. E.* was not able to sell and dispose of the land, &c.; and this he was ready to verify, &c. wherefore, &c.

To this plea there was a demurrer and joinder in demurrer.

*Foot*, in support of the demurrer, contended, that the plea was inadmissible and bad, as nothing could be pleading to a declaration on *scire facias*, which goes to defeat the original judgment, and which might have been pleaded to the original action.*

* 2 *Saund.* 72. note. *Cro Eliz.* 283. *Cowp.* 727.

*Wendell*, contra, insisted, that the defendant could plead any defence which he could have done in the origi-

nal action.* But here, this being a judgment by confes-
sion, on a warrant of attorney, there was no original ac-
tion, nor any opportunity for the defendant to plead the
matter which he has now pleaded. The demurrer ad-
mits the fact, that the bond and warrant of attorney were * 10 *Mod.* 112.
given for certain purposes, which have wholly failed.

*Per Curiam.* The plea is inadmissible and bad. It
is a settled rule, that the defendant cannot plead any
matter to a *sci. fa.* on a judgment which he might have
pleaded to the original action, or which existed prior to
the judgment. A judgment entered up upon a warrant
of attorney is a judgment by confession, and the cases of
*Bush, assignee of Jones,* v. *Gower,* (*Cases temp. Hard-
wicke,* 220.) and of *Cooke* v. *Jones,* (*Cowp.* 727.) were
cases of a *sci. fa.* upon a judgment entered by confession
on a warrant of attorney. The rule is the same whether
the judgment was obtained by confession, or default, or
upon plea. The remedy in these cases of judgment by
confession is by application to the court upon motion, as
was done in the case of *Jackson* v. *Mosely,* cited by Lord
*Hardwicke,* and in the case from *Cowper.*

Judgment for the plaintiff.