## Louis Kemp, Surv. Partner of Kemp & Buckey, use of Lewis G. Kemp, vs. Larkin S. Cook, Hiram Ridgely, and others.

A defendant cannot, in answer to a *scire facias*, set up any matter which might have been relied on as a defence to the original action, and hence he cannot plead to a *scire facias* that he was an *infant* when the original judgment was obtained against him.

Appeal from the Circuit Court for Frederick county.

This appeal was taken from an order of the court below, (Nelson, J.,) making absolute a rule obtained by the appellee, Ridgely, in a *scire facias* case, and directing certain judgments to be stricken out and set aside, and the cause to be reinstated on the trial docket, to be tried anew. The facts of the case are briefly stated in the opinion of this court.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Mason, J.

*Jos. M. Palmer*, for the appellants, submitted the following points:

1st. If Ridgely had any remedy in the court below in this case, which we deny, it was by writ of error *coram nobis*, infancy being a question of fact, to be tried by a jury. 2 *Saund. Rep.*, 212, *note* 4. *McPherson on Infants*, 359, 360. 1 *Arch. Pr.*, 279. *Cro. James*, 250, *Corre vs. Barker.* 5 *Barn. & Ald.*, 418, *Bird vs. Pegg.* 14 *Johns.*, 417, *Arnold vs. Sandford.* 1 *Mass.*, 479, *Knapp vs. Crosby.* 16 *Wend.*, 49, *Camp vs. Bennett.* 2 *Hill (N. Y.,) Rep.*, 333, *Cruikshank vs. Gardner.* 9 *G. & J.*, 437, *Hawkins vs. Bowie.* 3 *Md. Rep.*, 333, *Bridendolph vs. Zellers.* *Graham's Pr.*, 932, 964. The writ of error *coram nobis*, seems to be the only appropriate remedy in such cases. The cases of judgments confessed by warrants of attorney are not applicable to this case; they depend on quite different principles springing out of the peculiar character of such judgments which are not used or practiced upon

39    v.6

in this State. The court below relied upon the cases of *Bennett vs. Davis*, 6 *Cowen*, 393. *Motteux vs. St. Aubin*, 2 *Wm. Bl. Rep.*, 1113. *Saunderson vs. Marr*, 1 *Henry Bl. Rep.*, 75. These cases turned upon the principle that the warrants of attorney were void, and could be vacated on motion, against an infant, after which the judgment falls, as of course. In the case of *Wilkins vs. Wetherill*, 3, *Bos. & Pul.*, 220, the court explain the doctrine of the above cases, and discharge the rule in that case. See, also, *Bing. on Judg.*, 40 to 46.

2nd. The supersedeas judgment, and the original judgment superseded, constitute but one judgment, the former taking the place of the latter, and any party aggrieved by the supersedeas judgment, can only obtain relief by appeal or writ of error, as provided by the act of 1826, *ch.* 200, *sec.* 11. All appeals or writs of error must be taken within three years, and if this proceeding can be sustained, it will be the means of evading the statute of limitations.

3rd. The gist of the error in this case is the infant's appearing in court by attorney, and not by guardian. If the infant voluntarily appears in court in person or by guardian, and confesses a judgment waiving the right to plead infancy, there can be no error in the judgment. The supersedeas judgment is good and valid until reversed on appeal or writ of error. 14 *Johns.*, 417. 16 *Wend.*, 49. 2 *Hill*, 333.

4th. The court below had no jurisdiction over the supersedeas judgment. No appeal to the county court in such cases was ever given, and hence that court, as a court of law, could not in any way get jurisdiction over it. 8 *G. & J.*, 443, *Rail Road Co., vs. Condon*.

5th. Admitting that the court could strike out the judgment in a summary way by rule to show cause, still the application being addressed to the equitable interposition of the court, it will not do so, as a matter of course, after the infant has attained full age, but will consider lapse of time, the conduct of the defendant, and other facts surrounding the transaction, as confirming the judgment or rendering the equitable interference of the court improper. 2 *Story's Eq.*, *secs.* 1520 to 1522, and cases there cited.

6th. If the court were right in its action, it clearly erred in not ordering regular continuances of the cause to have been entered on the docket. *Act of* 1787, *ch.* 9, *sec.* 6. 2 *H. & G.*, 378, *Munnikuyson vs. Dorsett.* *Ibid,* 382, *State vs. Cox.*

No counsel appeared for the appellee.

TUCK, J., delivered the opinion of this court.

This record is submitted on the notes of the appellant.

It appears that Kemp and Buckey recovered judgment against L. S. Cook and Hiram Ridgely, and that they afterwards, with two sureties, confessed a supersedeas judgment before justices of the peace. The plaintiff then sued out a *sci. fa.* against all these parties, to revive the judgment. Ridgely filed a petition *in the sci. fa. cause,* alleging that he was under the age of twenty-one at the rendition of both these judgments, and that he was merely surety for L. S. Cook, and prayed that the judgments might be stricken out, and the proceedings under the *sci. fa.* staid. The plaintiff showed cause against the rule, but the court directed the judgments to be stricken out and set aside, and that the cause be reinstated on the trial docket, to be tried anew. From this ruling of the court the plaintiff appealed.

We take the law to be well settled, that in answer to a *sci. fa.,* the defendant cannot set up any matter which might have been relied on as a defence to the original action. 1 *Chitty Pl.,* 485, *(Ed.* 1840.) *Foster's Law of Sci. Fa.,* 353, (73 *Law Lib.,* 305,) and the cases there cited. *McFarland vs. Irwin,* 8 *Johns.,* 77. *Earle vs. Hinton,* 2 *Strange,* 732. *Bush vs. Gower,* 2 *Strange,* 1043.

We express no opinion as to the proper remedy of the defendants, as the question is not raised on this record, and has not been argued on the part of the appellees, except that, if there be any, it must be prosecuted in the original case.

*Judgment reversed and procedendo awarded.*