(Decided November 27th, 1861.)

---

## Lewis Kemp, Surviving Partner of Kemp and Buckey, *vs.* Larkin S. Cook and Hiram Ridgely.—*December Term* 1861.

Where a judgment was rendered against an *infant,* who appeared by attorney, and he, though knowing of its existence, and how it was obtained, took no steps to avoid it until six years after he attained age, such delay amounts to *laches,* so as to deprive him of relief under the Act of 1787, ch. 9, sec. 6, even if otherwise his infancy could be taken advantage of, as against the judgment, by summary proceeding, on motion, under that Act.

Kemp & Buckey, *vs.* Cook & Ridgely.

A writ of error *coram nobis* lies to correct an error *in fact*, in the same court where the record is, as where the defendant, being under age, appeared by attorney, and judgment was rendered against him; and this writ is still applicable in this State.

The Act of 1787, ch. 9, sec. 6, gives no additional powers to the court, in regard to correcting or setting aside judgments, but assumes the power to be in the court, and directs that when a judgment is set aside for any of the reasons therein stated, the case shall be brought up by the entry of regular continuances.

The power of setting aside judgments on motion, is a common law power incident to courts of record, and is usually exercised under restraints imposed by their own rules, and rarely after the term has passed in which the judgment was rendered.

If an infant forms a partnership with an adult, he holds himself out to the world as not being an infant; he practices a fraud upon the world.

A judgment against an infant is not void, but voidable; the tendency of the courts is rather to sustain than vacate the acts of infants, unless they are obviously to their prejudice.

The judgment records of the State are the highest evidence of debt known to the law, and to permit them to be altered or amended without the most solemn forms of proceeding, would be contrary to law and good policy.

Judgments at law are not lightly to be interfered with, and a very strong case must be presented to induce this court to sanction the striking out of a judgment of many years standing.

In deciding upon an application to strike out a judgment, after the term has passed, for any of the reasons mentioned in the Act of 1787, ch. 9, sec 6, the court acts in the exercise of its *quasi* equitable powers, and the applicant must appear to have acted *bona fide* and with ordinary diligence.

If a party has knowingly acquiesced in the judgment complained of, or has been guilty of *laches* and unreasonable delay in seeking his remedy, relief will not be granted.

APPEAL from the Circuit Court for Frederick County.

Appeal from a judgment of the court below, (NELSON, J.,) striking out, on motion of the appellee Ridgely, a judgment recovered by the appellants against the appellees, and bringing up the case by regular continuances, and quashing a *scire facias* issued on said judgment. The facts of the case are fully stated in the opinion of this court. See also, 6 *Md. Rep.*, 305.

The cause was argued before BOWIE, C. J., BARTOL and GOLDSBOROUGH, J.

*Jos. M. Palmer* for the appellant, argued for a reversal:

1st. Because if Ridgely ever had any remedy by reason of his infancy at the time the original judgment was rendered, it was by writ of error *coram nobis,* the court below having no authority to strike out that judgment upon motion and try a question of infancy. 2 *Bl. Com., (by Chitty,)* 320. 2 *Tidd,* 1056, 1066. 3 *Steph. Pl.,* 140. 2 *Saund. Rep.,* 101, *a,* note 1. *Ibid.,* 101, *s,* note 4; and 212, *note* 4. *Ev. Pr.,* 424, 426. 9 *G. & J.,* 428, *Hawkins vs. Bowie. McPherson on Infants,* 359, 360. 1 *Arch. Pr.,* 379. *Cro. James,* 250, *Carre vs. Barker.* 5 *Barn. & Ald.,* 418, *Bird vs. Pegg.* 14 *Johns.* 417, *Arnold vs. Sandford.* 16 *Wend.* 49, *Camp vs. Bennett.* 2 *Hill,* 333, *Cruikshank vs. Gardner.* 1 *Mass.,* 479, 480, *Knapp vs. Crosby.* 3 *Md. Rep.,* 333, *Bridendolph vs. Zellers.* 2 *Graham's Pr.,* 932, 964. 3 *Bos. & Pull.,* 220, *Wilkins vs. Wetherill. Bing. on Judgments,* 40, 46. The Act of 1787, ch. 9, sec. 6, is not commensurate with the writ of error *coram nobis.*

2nd. Because the original judgment is so far merged in, incorporated and blended with, the *supersedeas* judgment, as not to be judicially separated from it. The confession of the *supersedeas* judgment is a waiver of all errors and irregularities in the original judgment. The only remedy against a *supersedeas* judgment, and that is only for error apparent on the face of the record, is by appeal under the Act of 1826, ch. 200, sec. 11. The *supersedeas* judgment was given by the Act of 1791, ch. 68, and by that Act the court could merely execute the judgment. The court cannot correct such judgment under the Act of 1787, ch. 9, sec. 6, because when that Act was passed there was no such judgment.

3rd. Because Ridgely has acquiesced so long, since he came of full age, in the original judgment. And if the original judgment be struck out, it must be struck out against both

defendants. *McPherson on Infants*, 359. And if the original judgment be set aside, the *supersedeas* judgment must thereby be destroyed or rendered null. In view of these consequences, as the application of Ridgely is addressed to the equitable interposition of the court asking for a privilege and not a strict right, the court will regard the interest of those who are to be affected by the granting of the application.

4th. Because the decision of this court in 6 *Md. Rep.*, 305, was conclusive of the question involved in this application to strike out the original judgment, and, therefore, imperative upon the court below. Because the *scire facias* was necessarily to revive both judgments incorporated in one, and no matter which might have been relied on as a defence to the original action, can be set up in answer to the *scire facias*.

5th. Because the court below refused the judgment of *fiat*, asked for by the appellant, and quashed the *scire facias*, and adjudged costs to the defendants in the *scire facias*.

*Oliver Miller*, for the appellee argued:

1s*t*. That it is perfectly clear, upon all the authorities, that an infant defendant cannot appear by *attorney*, but *must*, in all cases where sued as defendant, appear by *guardian*. If he appears by attorney and judgment be rendered against him, it is error, and the judgment will be reversed. *McPherson on Infants*, 358 to 362. 16 *Wend.* 49, *Camp vs. Bennett*. 11 *Johns.* 460, *Dewitt vs. Post.* 2 *Tidd*, 1191.

2nd. The Court of Appeals in 6 *Md. Rep.*, 307, having decided that the remedy of the appellee, if he has any, *must* be prosecuted in the *original cause*, the relief sought must be *at law* and not *in equity*, and by *some* proceeding in the original cause in which the judgment was rendered. It is insisted, on the other side, that the *only* remedy is by writ of error *coram nobis*. The cases cited by the appellant show clearly that in England, and in some of the States, the remedy could be had by error *coram nobis*, and the cases of *Hawkins vs. Bowie*, 9 *G. & J.*, 428, and *Bridendolph vs. Zellers*, 3 *Md.*

*Rep.*, 325, show that this writ *may* be resorted to in Maryland, but these cases by no means show that this is the *only* remedy for such a case.

3rd. The remedy asked by the motion here, is to strike out the judgment and open the cause, so as to enable the defendant to *plead his infancy*, and to have the action brought up by regular *continuances*. This was granted, and the cause was ordered so to be brought up on the docket. If this judgment is affirmed, and the proceeding be decided to be proper, the case will stand open for a new trial, and the question of *infancy* will be tried before the jury, if denied by the plaintiff. The question of infancy *vel non*, will then be tried in the same manner as if issue *thereon* had been made upon the assignment of errors on a writ of error *coram nobis*. It is evidently a more simple, expeditious and safer remedy and proceeding for both parties. If he could have had relief upon the *writ*, there are no defences the plaintiff could have availed himself of on that writ which he cannot equally do on the new trial of the original action. It seems that the 6th sec. of the Act of 1787, ch. 9, was designed to meet *just such a case*. See also 2 *H. & G.*, 379, *State use of Sadler, vs. Cox.*

4th. the objection in reference to the effect of the *supersedeas* judgment does not seem to be of any force. In the record, to which this court can only properly look in this case, the *supersedeas* judgment does *not appear*, and no relief, as against it, was given by the judgment appealed from. But if it did, it can make no difference, inasmuch as the same objection of *infancy* at the time of the *supersedeas* would apply as to the original judgment.

5th. That there is no reason why the relief should not be granted upon the ground of acquiescence, *laches* or neglect. The appellee, Ridgely, was but a surety in the note on which the judgment was recovered; payments were made on the judgment from time to time, and no attempt was made to execute it as against Ridgely until the issual of the *scire facias* on the 12th of February 1851, when steps were *immediately* taken by him to obtain relief.

Kemp & Buckey, *vs.* Cook & Ridgely.

Bowie, C. J., delivered the opinion of this court.

This is an application to the *Circuit court for Frederick county*, made on the 11th of October 1855, to strike out a judgment of Frederick county court, rendered at February term 1842, to open said cause, and enable the appellee, Hiram Ridgely, one of the defendants, to plead infancy; and to cause the said action to be brought up by regular continuances.

The material facts exhibited by the records are these:

The appellants recovered a judgment, *by confession*, against the appellees, Cook and Ridgely, at February term 1842, in Frederick county court, for $376.63, on a joint and several promissory note for that amount, signed by the defendants, Cook and Ridgely, on the 3rd of December 1842; the appellees, Cook and Ridgely, together with E. T. Cook and M. Roderick, superseded the judgment.

On the 12th of February 1851, the appellants issued a *sci. fa.* on the judgment of *supersedeas* against all the appellees, whereupon Ridgely being made known, filed his petition in said case of *scire facias*, alleging he was a minor at the date of the rendition of said first judgment, and that an attorney of the court had appeared and confessed judgment for him; and also alleging that he was a minor, at the date of the confession of the *supersedeas* judgment; and praying that the judgment confessed by the attorney for him, and the judgment confessed by way of *supersedeas* by himself and others, may be stricken out, the case reinstated on the docket, and the proceedings on the *scire facias*, in the mean time be stayed; and that a rule to show cause be laid on the plaintiffs. The rule was laid as prayed, cause shown, and the rule made absolute, and judgment entered that the original and *supersedeas* judgments be stricken out, and the cause reinstated for trial.

An appeal was taken from this decision of the Circuit court for Frederick county; and at December term 1854 the judgment of the Circuit court was reversed and a *procedendo* awarded. See 6 *Md. Rep.*, 307, *Kemp vs. Cook.* The record and proceedings

being returned to the Circuit court for Frederick county, H. Ridgely, the appellee, filed in said court a suggestion in writing, entitled thus:—"Judgment, February term 1842—Lewis Kemp and Daniel Buckey, etc., vs. Larkin S. Cook and Hiram Ridgely.—In Frederick county court, 299 trials,"—alleging his infancy at the rendition of the judgment aforesaid, his appearance by attorney, and entry of the judgment by confession, and praying said judgment may be stricken out, the cause opened, the action brought up by regular continuances, and a rule laid on the plaintiffs to show cause, and soforth.

The rule was laid as prayed, cause shown, and it was by the Circuit court for Frederick county, (October 1856,) considered, "that the rule be made absolute, and that the judgment heretofore recovered by Lewis Kemp and Daniel Buckey, use of Lewis G. Kemp against Larkin S. Cook and Hiram Ridgely, be stricken out, and that the said cause be brought up by regular continuances;" it was also considered that the appellants, "take nothing by their said writ of *scire facias*, issued in this case, and that the said writ be quashed, and the appellees recover their costs;" from which judgment the appellants have appealed.

On the 6th of December 1858, a writ of diminution was issued, under which, and the appeal, the proceedings of the County court and Circuit court for Frederick county above referred to, are brought before this court.

A motion has been made by the appellants to reject the record returned under the writ of diminution.

The appellants insist: 1st. The remedy of the appellee, if any, was by writ of error *coram nobis*.

2nd. The original judgment was merged in the judgment of *supersedeas*, and cannot be judicially separated from it.

3rd. That the appellee has lost his remedy by *laches*.

4th. That the decision of this court in 6 *Md. Rep.*, 305, is conclusive of the question, and no matter which might have been relied on as a defence to the original action, can be set up in answer to the *scire facias*.

5th. Because the court below refused the judgment of *fiat* asked by the appellant, and quashed the *scire facias* and adjudged costs to the defendants in the *scire facias*.

The appellee insisted, 1st. That the appearance of an infant by attorney, and confession of judgment, is error for which the judgment should be reversed.

2nd. That, although the relief can be had by error *coram nobis*, this is not the only remedy.

3rd. That the proceeding in this case is authorised by the Act of 1787, ch. 9.

4th. That the *supersedeas* judgment is not a bar to relief.

5th. There was no *laches*.

"Since the case of *Hawkins vs. Bowie*, 9 *G. & J.*, 437, there ought to be no doubt, in Maryland that a writ of error *coram nobis*, lies to correct an error in fact, in the same court where the record is. If there be error in the process, or through default of the clerk, it shall be reversed in the same court by writ of error thereon before the same judge." *Bridendolph vs. Zellers*, 3 *Md. Rep.*, 333. The office and application of this writ is thus described in *Saunders' Reports*: "So a writ of error may be brought in the *same court* for an *error in fact*; thus, where an erroneous judgment is given in matter of fact only, and not in point of law, in the *King's Bench*, it may be reversed in the same court by writ of error, which is sometimes called *error coram vobis*, but more correctly *coram nobis*; * * * as where the defendant being under age appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit, or died before verdict or interlocutory judgment." 2 *Saunders' Rep.*, 101, *a*, *note* 1; also 2 *Tidd's Prac.*, 1191, to same effect.

The Act of 1787, ch. 9, (entitled "An Act respecting the continuance of civil suits, in the general and county courts,") sec. 6, gives no additional powers to the court, in respect of correcting or setting aside judgments. Assuming the power to be in the court, without regard to the mode, it enacts "that in any case where a judgment shall be set aside for fraud, deceit,

18      v.18

surprise or irregularity in obtaining the same, the said courts respectively may direct the continuances to be entered from the court when such judgment was obtained, until the court such judgment shall be set aside, and may also continue such cause for so long a time as they shall judge necessary for the trial of the merits between the parties," &c.

The power of setting aside judgments upon motion, is a common law power incident to courts of record, and exercised usually under restraints imposed by their own rules, and rarely after the term has passed in which the judgment was rendered. In *Sherwood vs. Mohler, et al.*, 14 *Md. Rep.*, 565, it was said, "And apart from surprise, fraud or deceit, the motion" (to strike out)" was too late; it was not made until nearly the lapse of a year after the judgment of condemnation was rendered, when, according to the well established practice of this State, it should have been made during the term at which the judgment was given." The appellee, by suggestion in this case, states, "that at the time of the rendition of the judgment in the above cause, and at the time of the execution by him of the promissory notes, which are the causes of action, upon which the said judgment was rendered, he was an infant under the age of twenty-one years, having been, at the date of the rendition of said judgment, about eighteen years old, and that said judgment was rendered by confession of Joseph M. Palmer, Esquire, who professed to act as the attorney of the said appellee in said suit." No deceit, fraud or surprise is alleged, and no irregularity, except the appearance of an attorney for him, whose actual authority to appear, as far as the defendant's privity and consent could confer such, is nowhere denied.

In *Gibbs & Merrill*, 3 *Taunt.*, 307, *Ch. J. Mansfield* says, "If an infant forms a partnership with an adult, he holds himself forth to the world as not being an infant, *he practices a fraud on the world.*"

A judgment against an infant, is not void but voidable. The tendency of the courts is rather to sustain than vacate their acts, unless they are obviously to their prejudice. *Key*

*vs. Davis*, 1 *Md. Rep.*, 42.    *Ridgeley vs. Crandall*, 4 *Md. Rep.*, 435.    *Levering vs. Heighe*, 2 *Md. Ch. Dec.*, 81.

The judgment records of the State, are the highest evidences of debt known to the law; they are presumed to have been made up after the most careful deliberation, upon trial or hearing of both parties.    To permit them to be altered or amended without the most solemn forms of proceeding would be contrary to law and good policy.    The language of Dorsey, Justice, delivering the opinion of the court in *Munnikuysen vs. Dorsett*, 2 *H. & G.*, 377, a case stronger in circumstances appealing to the equitable interference of the court, than the present, is as conclusive on principle as in precedent, viz: "Judgments at law are not lightly to be interfered with, and it must be a case infinitely stronger than the present, to induce this court to sanction the striking out of a judgment of almost eight years standing, in virtue of which too, *in due course of law, another judgment hath been obtained by confession*, and execution levied thereunder.    See, also, *Green vs. Hamilton*, 16 *Md. Rep.*, 326, where *Munnikuyson, vs. Dorsett*, is cited and affirmed.

In deciding upon an application to strike out a judgment after the term is past, for any of the reasons mentioned in the Act of 1787, the court acts in the exercise of its *quasi* equitable powers, and will therefore properly consider all the facts and circumstances of the case, and require that the party making the application shall appear to have acted in good faith and with ordinary diligence.    Relief will not be granted, when he has knowingly acquiesced in the judgment complained of, or has been guilty of *laches* and unreasonable delay in seeking his remedy.    In this case, the appellee, according to his own showing, reached his majority in 1845, and although aware of the existence of the judgment, and the mode in which it was rendered, made no objection to it and took no step to avoid it until 1851.

This delay in our opinion amounted to *laches* which would deprive the appellee of the relief sought, even if there was no

objection to the mode of proceeding, and the irregularity alleged could be taken advantage of by summary proceeding, on motion, under the Act of 1787.

The judgments by the Circuit court for Frederick county, being contrary to the principles and precedents above cited, we deem the same erroneous and reverse them.

*Judgments reversed.*

(Decided December 16th, 1861.)