(Decided 5th March, 1875.)

## LUKE TIERNAN *vs.* ARTHUR HAMMOND.

*Practice—Striking out a Judgment after the Term— What amounts
to Laches in seeking to Strike out a Judgment.*

On a motion made to strike out a judgment after the term, the Courts exercise
a *quasi* equitable jurisdiction; and will examine the facts and circumstances
of the case, and refuse relief where there has been *laches* or unreasonable
delay.

A judgment was recovered, in April, 1862, against P. H.   On the 29th
December, 1862, a *supersedeas* judgment purporting to have been signed
by P. H., M. H., and A. H., who was at that time a minor was filed in the
clerk's office.   In October, 1863, a *fi. fa.* was issued and returned *nulla
bona.*   No further step was taken until February, 1873, when the death of
M. H., was suggested and a *sci. fa.* issued to revive the judgment.   A. H.,
at the first term after service, appeared and pleaded and moved to strike
out the judgment against him.   He filed an affidavit alleging his infancy,
that when he signed the paper he did not know it was a judgment, that it
was represented to him to be a mere matter of form imposing no obligation,
that he never appeared before the Justice of the Peace, and was not aware
of the existence of the judgment until the *sci. fa.* was served on him.
HELD :

1st. That it was competent for A H., to testify to these facts to explain why
he had not before taken steps to avoid the judgment.

2nd. That A. H., being a minor at the time of signing the *supersedeas*, could avoid it; and under the circumstances of this case, he was not guilty of *laches* or unreasonable delay in seeking to avoid it, and the judgment should be stricken out.

APPEAL from the Circuit Court for Anne Arundel County.

On the third Monday in April, 1862, Luke Tiernan recovered in the Circuit Court for Anne Arundel county a judgment against Philip T. A. Hammond, whereon a *fieri facias* was issued on the 28th of November, 1862, and returned by the sheriff "superseded." On the 29th of December, 1862, there was filed by the clerk of said Court a judgment of supersedeas, purporting to have been acknowledged and confessed on the 23rd of November, 1862, by the said Philip, and also by Mary A. Hammond and Arthur Hammond, who was at the time a minor, before Dennis Griffith, a Justice of the Peace of said county.

On this judgment a *fi. fa.* was issued in October, 1863, and returned "*nulla bona.*" Afterwards Mary A. Hammond died; her death was suggested, 11th February, 1873, and a writ of *scire facias* was issued to revive the judgment, which was returned *non est.* The writ was renewed 19th February, 1873, and returned "*made known.*"

The defendant, Arthur Hammond appeared at the first term after service and pleaded four pleas.

Issue was joined on the first and second pleas, and demurrer entered to the third and fourth. The demurrer was ruled good, with leave to the defendant to institute such further proceedings, or make such motion as he might deem proper. Thereupon Arthur Hammond moved the Court to strike out the judgment of *supersedeas* as against himself on the ground that he was a minor when it was signed, and filed in support of the motion, an affidavit, the substance of which is set out in the opinion of the Court.

On the 9th of April, 1874, the Court granted the motion and this appeal was taken.

The cause was argued before STEWART, BRENT, GRASON and ROBINSON, J.

*Frank. H. Stockett,* for the appellant.

If there were fraud practiced by Philip to induce the appellee to confess the *supersedeas,* such fraud could not be pleaded against the appellant, unless a party thereto, and ignorance on the part of the appellee as to the effect of his act, cannot release him as against the appellant.

The *supersedeas* was regularly and properly taken and confessed, so far as the records of the Court disclose, and the judgment so confessed having become a record of the Court, against the verity of which no proceeding can be taken, and after so long a time the same cannot be inquired into for any irregularity or defect *aliunde.*

Nor if defective or irregular on its face, will the Court strike out such judgment after so long a time, and after such *laches* on the part of the appellee. *Kemp vs. Cook,* 6 *Md.,* 307; *Kemp & Buckey vs. Cook,* 18 *Md.,* 130; *Sherwood vs. Mohler,* 14 *Md.,* 565; *Munnikuyson vs. Dorsett,* 2 *H. & G.,* 377; *Green vs. Hamilton,* 16 *Md.,* 326; *Montgomery vs. Murphy,* 19 *Md.,* 576; *Dilley vs. Shipley,* 4 *Gill,* 48.

If the appellee were a minor in November, 1862, that did not render the confession of the judgment *void,* and he, having failed to plead such minority so long after obtaining his majority, or relying on fraud or other reasons to vacate said judgment, showed such gross *laches* as no Court would sanction. *Key's Lessee vs. Davis,* 1 *Md.,* 42; *Ridgely vs. Crandall,* 4 *Md.,* 435; *Kemp & Buckey vs. Cook,* 18 *Md.,* 138.

The appellee, by the *execution* of the *supersedeas* was *estopped* from denying his own act and admissions of *record,* which were expressly designed to influence the conduct of another.

Public policy and good faith deny to a party the right to repudiate his admissions, when they have been acted upon by persons to or against whom they were directed. *Alexander vs. Walter,* 8 *Gill,* 240; *Stewart vs. Redditt,* 3 *Md.,* 67; *Glenn vs. Grover,* 3 *Md.,* 212; 1 *Greenl. Ev., sec.* 22.

Admissions, whether true or false, acted on by others, are *conclusive* against the party making them, in all cases between him and the party he has so influenced.      *McClellan vs. Kennedy,* 8 *Md.,* 230; *Gaither vs. Gaither,* 3 *Md. Ch. Dec.,* 158; 1 *Greenl. Ev., sec.* 208.

If the defendant were not technically *estopped* by his execution of the *supersedeas,* then, by the rules of evidence, he would not be allowed to testify, or to offer evidence *aliunde,* to contradict his confessions or admissions of record.      *Hagan vs. Hendry,* 18 *Md.,* 177.

*James Revell* and *A. B. Hagner,* for the appellee.

The Court had jurisdiction. *Acts* 1787, *ch.* 9, *secs.* 5 *and* 6; *Art.* 75, *sec.* 38, *of the Code.*

This jurisdiction is a *quasi* equitable jurisdiction. *Bridendolph vs. Zeller's Exrs.,* 3 *Md.,* 325; *Montgomery vs. Murphy,* 19 *Md.,* 576.

The Court can grant relief after the term. *Kearney vs. Sascer,* 37 *Md.,* 274; *Sherwood vs. Mohler,* 14 *Md.,* 564; *Broom's Legal Maxims,* 309, (*marg.*)

The alleged judgment of *supersedeas* was void by reason of fraud. *Copeland vs. Central Bank,* 18 *Md.,* 305.

There never was a judgment of *supersedeas* against the appellee. *Art.* 51, *sec.* 45, and *Art.* 29, *sec.* 19 *of the Code.*

The Act was void for irregularity. *Bowes vs. Isaacs,* 33 *Md.,* 537.

The case of *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 130, is totally different from this. There the minor appeared by attorney to the original judgment, and also

acknowledged the judgment of *supersedeas.* He was fully apprised of the nature and character of the judgment. There was no deceit, fraud, surprise or irregularity alleged in the motion to strike out the judgment.

Questions of *laches* must be determined according to the circumstances of each case. No general principle is applicable to all. *Hanson vs. Worthington,* 12 *Md.,* 418.

A party is not estopped by an agreement, not made in such form as the law requires, when a particular form is required. *Lammott vs. Gist,* 2 *H. & G.,* 433; 1 *Md. Digest,* 433.

ROBINSON, J., delivered the opinion of the Court.

Upon a motion to strike out a judgment after the term is past, the Courts in this State exercise a *general equitable jurisdiction,* and will therefore consider all the facts and circumstances of the case, and require that the party making the application shall appear to have acted in good faith and with ordinary diligence. Relief will not be granted where a party has been guilty of *laches* or unreasonable delay. 18 *Md.,* 130.

In this case the original judgment was recovered against Philip T. A. Hammond, and it is a conceded fact, that at the time of signing the paper purporting to be a *supersedeas* judgment, the appellee was an infant under the age of twenty-one years. That he had the right to avoid the paper thus signed by him cannot be denied, and the only question to be decided, is whether he has lost that right by *laches* or unreasonable delay.

The judgment of *supersedeas* was signed by him on the 23rd of November, 1862, and filed in the clerk's office on the 29th of December following. In October, 1863, a *fi. fa.* was issued and returned *nulla bona.* Afterwards Mary Hammond who also signed the *supersedeas* judgment died, and in February, 1873, her death was suggested, and a writ of *scire facias* issued to revive the judgment. This

writ was returned *non est*, and then renewed, and returned "*made known.*"

At the July Term, 1873, the first term after the writ was served, the appellee appeared, and put in four pleas. To the first and second the appellant joined issue, and to the third and fourth he demurred. The Court sustained the demurrer, and thereupon the appellee moved to strike out the *supersedeas judgment*, on the ground of *fraud*, *surprise, irregularity, infancy* and other reasons not necessary to be stated here. It thus appears by record, that from the time the *scire facias* was served upon the appellee, he utterly denied his liability on account of the judgment of *supersedeas*, and immediately took steps to avoid the same. But it was urged in argument that, these steps were not taken until 1873, more than ten years after signing the paper purporting to be a judgment of *supersedeas*. But the reason why steps were not taken before is freely explained by the affidavit of the appellee, in which he says that in signing the paper he had no idea that it was a judgment, on the contrary, it was represented to him as a mere matter of form, and would impose upon him no obligation or responsibility, that he never appeared before the justice of the peace, and was not aware of the fact that such a judgment existed until the writ of *scire facias* was served upon him. That it was competent for the appellee to testify in regard to these facts, for the purpose of *explaining why he had not taken steps before to avoid* the judgment, is too clear we think for argument, and admitting them to be true, it follows that he was not guilty of *laches* or unreasonable delay in seeking to avoid the judgment. If he did not know of the existence of the judgment until the writ of *scire facias* was served, he could not of course take any steps to avoid the same. Moreover, during all this time, extending through a period of ten years, no steps were taken by the appellant to enforce the payment of the judgment. The case thus presented dif-

fers widely from *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 130. There judgment was confessed by Ridgely, one of the parties to the original cause of action, and the Court say, "In this case the appellee according to his own showing reached his majority in 1845, and although aware of the existence of the judgment and the mode in which it was rendered, made no objection to it and took no step to avoid it until 1851. This delay in our opinion amounted to *laches* which would deprive the appellee of the relief sought."

For these reasons the order of the Court below striking out the judgment will be affirmed.

*Order affirmed.*

(Decided 5th March, 1875.)