THIS case came up on a writ of error to the Superior Court in and for Kent County, on a rule granted to ascertain by the verdict of a jury whether any money was due, and, if so how much, from Ayres Stockley, as administrator of William A. Cloud, deceased, to John H. Bewley, administrator of William Temple, deceased, on the judgment entered on a judgment-bond and warrant of attorney in the court, being No. 351, April Term, 1868. The rule was granted, and the issue directed on the first day of November, 1878; and was heard before Saulsbury, Chancellor, and Houston and Wales, Judges.
On the hearing of the rule, in the court below, there was offered in evidence, on behalf of the plaintiff in error, a deed of bargain and sale from the said William Temple and his wife to the said William A. Cloud, bearing even date with the said bond, the consideration whereof was also one hundred and fifty dollars, for a tract of land therein described, as tending to show that the bond was given to secure the purchase-money for it, and which it was said would be followed with proof that Temple had, prior *Page 15 
thereto, mortgaged the same, with other lands, to other parties, and that the mortgage had since been foreclosed, and the said land sold thereon, whereby the same was wholly lost to the estate of Cloud, and the consideration of the bond had entirely failed, which was rejected by the court. The evidence further, was, that the judgment was entered upon the bond on the 23d day of October, 1868, and that it was payable in ten equal annual instalments, with interest, the first falling due June 5, 1852, and the last on June 5, 1861. There were two credits indorsed on the bond, one for forty-eight dollars, dated October 13, 1853, and the other for twenty-four dollars and twenty-eight cents, dated January 7, 1856. That an execution was issued upon the judgment on the 10th of April, 1869, and which was returned with a levy on property appraised at eight hundred dollars, and that avenditioni exponas was issued thereon, April 15, 1872, which was never returned, but the late sheriff, in whose hands it was placed, on being called by the counsel on the other side, proved that the proceeds of the sale of the property under it were applicable and applied to older executions; that William Temple died May 27, 1863, and William A. Cloud September 14, 1875. That there was a balance on Temple's books in favor of Cloud, of sixteen dollars on March 13, 1862, which it was admitted, on the other side, should be a credit on the judgment. That Cloud's book of account against Temple commenced March 10, 1862, and closed September 15, 1862, and amounted to one hundred and twenty-two dollars and seventy-nine cents. He also held Temple's due-bill, payable on demand, dated February 11, 1863, for sixty-six dollars and thirty-seven cents.
Fulton for the plaintiff in error. The court below erred in overruling the evidence, first mentioned in the bill of exceptions, in regard to which he would say that he was well aware that in some courts a defence of that kind could not be made at law, but the party would be compelled to resort to a court of equity to avail himself of it; but, in others it had been held, that a want of consideration was a valid defence even to an obligation *Page 16 
under seal. If convenience, directness, and promptitude, be considered, it could not be doubted which was the preferable course, and this case was a striking illustration of it. Besides, this case was to ascertain what amount of money, if any, was due upon the judgment; and if it should appear, upon the inquiry, that nothing could ultimately be recovered upon it, he submitted, that in this proceeding the defendant should have the full benefit of that fact, and should not be compelled to resort to his equitable remedy for relief from it. And such was the modern tendency of the courts.
It also erred in charging the jury that neither the book-account, nor the due-bill of Cloud against Temple, could be allowed a credit on the bond unless there was an understanding and agreement between them that they were to be credits upon it, for they could not be considered as payments on the bond without proof of such an agreement between them; and that neither of them could be allowed in this case as a set-off, whether they were barred or not by the statute of limitations when this issue was awarded. Can one administrator, when sued by another administrator on the bond of his intestate, defend the action by showing that his intestate had book accounts and due-bills against the obligee in the bond of an equal or larger amount, without proof of an agreement between the parties that they should be so credited? It is so settled absolutely and expressly by positive enactment as follows: "If either party sue or be sued, as an executor or administrator, and there are mutual debts between his testator, intestate, and the other party, one debt may be set off against the other." Rev. Code, chap. 106, § 22. So far as the right to set off between such parties is concerned, there is but one limit, the debts must be mutual. To what class they may be long on either side, is a matter of no importance whatever; and this being so, of course, there was no necessity for any agreement or understanding between them that one should be a credit upon the other, and the court erred in so charging. But the due-bill stood on stronger ground than the book-account, because it was not barred by the efflux of time. The judgment was confessed on the 13th of October, 1868, and the due-bill *Page 17 
was given on the 11th of February, 1863, only five years, eight months, and twelve days (less than six years prior to the entry of the judgment), and it was, therefore, saved from the operation of the statute of limitations, for it provides "that the provisions of this chapter shall apply to any debt alleged by way of set-off on the part of a defendant; and the time of limitation of such debt shall be computed in like manner as if an action therefor had been commenced at the time when the plaintiff's action was commenced." Rev. Code, chap. 123, § 16. The court, therefore, erred in charging that the due-bill was barred by the statute. Talbot v. Todd, 5 Dana, 190; Bassv. Bass, 6 Pick., 362 S. C., 8 Pick., 187; Connoway v.
Connoway, 2 Houst., 206; Shattuck v. Shattuck, 16 N.H., 242.
The court also erred in charging that the confession of judgment on the bond in pursuance of the warrant of attorney prevented the presumption of payment from arising until twenty years thereafter, instead of twenty years from the date of the bond, or on each of the instalments of it from the times when the several instalments fell due respectively. It is submitted that the confession of judgment upon the bond so late as between seventeen and eighteen years after it was given and long after the death of the obligee, Temple, and at the instance of his administrator, did not and ought not to arrest the lapse of time in that regard, and create a new point of reckoning in that respect under the common rule in regard to the presumption of payment of a bond after the lapse of twenty years. The parties resided very near each other as long as they both lived, and had constant dealings with each other from the time of the giving of the bond until the death of Temple, and yet he never had judgment entered upon it or had it settled between them. These facts alone were strong circumstances tending to raise a presumption of its payment to him in his lifetime in some way satisfactory to him, and should have gone to the jury for that purpose to be weighed and considered by them. But the confession of the judgment upon it did not arrest or stop the running of the twenty year period, and when in two or three years thereafter it had completely elapsed and expired, and the presumption of payment *Page 18 
in the absence of any proof to the contrary, had become conclusive in regard to the matter, and the court should so have instructed the jury. The warrant of attorney, it was true, authorized the confession, but the object of it was special, and was merely to enable the obligee to obtain judgment for the debt without suit, and it was not in the contemplation of the parties, or either of them, that it should extend further than that. To hold, therefore, that after the lapse of seventeen or eighteen years, such a warrant, when executed, shall have all the legal effect and efficacy of an appearance and confession of judgment in open court on a suit brought, is carrying its effect far beyond what the parties contemplated, and cannot but work a manifest hardship and injustice on the obligor in this and all like cases. He had been able to find but two cases pro or con upon this point, but both of them were in his favor. In the first which arose in this State, Chief Justice Clayton intimates an opinion in the strongest terms that the confession of judgment can have no such effect. The other was in Pennsylvania, in which the same opinion is expressed with even more emphasis by Judge Duncan. Parker v.
Whitaker, 4 Harr., 528; Cope v. Humphreys, 14 S. R., 15.
Massey, for the defendant in error. The whole amount of the judgment was due and owing, except only so far as it had been reduced by payments. The substance and form of the issue involved only a question of payment, and the burden was on the plaintiff in error to show such payments, if any had been made. What was the status of the judgment after the court had directed the issue? It was not vacated, nor was the lien, force or effect of it disturbed. The only effect of granting the rule and directing the issue was to open the judgment for the mere purpose of inquiring as to what amount was due and unpaid thereon, the judgment being preserved and still standing as such for whatever amount should be ascertained by the verdict of the jury on the trial of the issue to be unpaid thereon. State, use of Parker,v. Whitaker, 4 Harr., 527, note a. And we say no proof was admissible in the trial of the issue, except such as would *Page 19 
have been properly admissible under some plea properly entered in an action of scire facias upon the judgment; especially, as the matters relied on as defences were subsequent in point of time to the date of the judgment bond. But what in law constitutes payment? It must be in money or something accepted in lieu of it, and therefore payment otherwise than in money presupposes an agreement to accept it as such instead of money, so that in legal contemplation there can be no satisfaction in whole or in part of a judgment on a bond conditioned for the payment of money absolutely otherwise than by the payment of money, unless it be shown that there was an understanding or agreement between the parties to accept some substitute for money. And therefore the court below did not err in instructing the jury that the account and due-bill in question could not be considered and allowed by them as payments or credits on the bond without proof of an understanding to that effect between the parties to it. 2 Greenl. Ev., § 516; Kingston Bank v. Gray, 19 Barb., 459; Clark v. Wells, 5 Gray, 69; Vaughan v. Marshall, 1 Houst., 604.
A set-off cannot be properly pleaded to a scire facias on a judgment, and the provisions of our statute concerning set-off where an executor or administrator is either party plaintiff or defendant, relate only to suits to obtain judgment, and not to cases where judgment has already been obtained, as in this case, under a warrant of attorney bearing date nearly twelve years before the date of the due-bill. 1 Ch., Pl. 481. But admitting for the sake of argument that both the due-bill and book account could have been proper subjects of set-off, they could not have been allowed as such in this case, because they were both barred by the statute of limitations prior to the 1st day of November, 1878, when the issue was directed, and also prior to the 23d day of April in that year when the affidavit of the plaintiff in error was filed in the court below on which the rule was granted, and one or the other of those dates must be taken as the commencement of it within the provisions of section 16, chapter 123 of the Revised Code, if its provisions be applicable to such a case as this. Cloud having given his bond with warrant of attorney to *Page 20 
confess judgment for the debt, was estopped in a court of law from setting up anything as a set-off, and would be required to invoke the aid of a court of equity. If judgments were to be opened to let in such defences as set-off, even if they were properly pleadable, endless litigation would ensue, and the security of judgments on bonds with warrants of attorney would be greatly impaired. Besides, he had his remedy for the recovery of the due-bill by a suit of law, which he neglected, and lost it by his own laches. There was no error in the charge on the question of presumption of payment of the bond arising from the lapse of time, because it was merged in a judgment before any such presumption of payment arose against it. The bond was extinguished in the judgment, and by it the nature and character of the debt was changed into a debt of another and a higher grade, and was converted into a debt of record by the operation of law, and the solemn sanction of a judgment at law, and it was definitive and conclusive as if it had been recovered in an action at law on the bond without a warrant of attorney to confess judgment upon it. It was therefore clear that the computation of time with respect to the presumption of payment of the debt must be made from the date of the judgment and not from the date of the bond. Rev. Code, 188, § 5; Hopkins v. West,83 Pa., 110; Clark v. Douglass, 62 Pa., 408, 415; Jamesv. Jarrett, 17 Pa., 370; McCullough v. Montgomery, 7 S. R., 28; Macfarland v. Irwin, 8 Johns., 77.
Judgment having been entered and a fi. fa. execution issued thereon within twenty years from the date of the bond, constituted the highest sort of a demand for payment, which would rebut the presumption, if calculated from the date of it. Robinson's Adm'r.v. Milby's Adm'r., 2 Houst., 397. The court did not err in rejecting the offer of the evidence first mentioned in the bill of exceptions, because such evidence could have constituted no defence in a court of law, and was not pertinent to the issue on trial.
The Court being of the opinion that it was not a case in which a writ of error would lie, ordered it to be dismissed. *Page 21